UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BREEZE SMOKE LLC, | |
| Plaintiff, | CASE NO. 2:25-cv-10184 |
| vs. | Hon. F. Kay Behm |
| SPEED WHOLESALE, INC. and MKE VAPE WHOLESALE LLC, | |
| Defendants. | |

## ORDER ENTERING PERMANENT INJUNCTION

WHEREAS Plaintiff Breeze Smoke LLC ("Breeze Smoke") is engaged in the business of manufacturing and selling a variety of tobacco-related and vaping products, including nicotine and nicotine-free disposable electronic vaping devices, all using the mark "BREEZE."

WHEREAS Breeze Smoke is the owner of a substantial intellectual property portfolio consisting of, *inter alia*, federally registered trademarks and trade dress rights in its product designs and product packaging for its BREEZE products.

WHEREAS Breeze Smoke is the owner of numerous federal trademark registrations for its BREEZE marks, including United States Trademark Registration Nos. 7,561,752; 6,770,534; 6,296,005; 6,296,004; 6,976,563; 6,992,438; and

1

7,552,704 and has longstanding common law rights in its BREEZE marks (collectively referred to herein as the "BREEZE Marks").

WHEREAS, Breeze Smoke also has trade dress rights in the highly distinctive product packaging and product design it has used in connection with its BREEZE PRO products since at least August 18, 2021.

WHEREAS Breeze Smoke's BREEZE PRO product packaging trade dress comprises the overall look and feel of the packaging and features the following distinctive, non-functional elements:

    a.    A rectangular clear plastic outer box ("rectangular box");

    b.    A large, cardboard label that wraps around the rectangular box ("wraparound label"), wherein the back of the wraparound label extends the full length of the rectangular box and the front of the wraparound label extends only part of the length of the rectangular box, such that the top portion of the vaping device and the vertically aligned product branding is visible from the front and sides of the rectangular box;

    c.    On the front side of the cardboard label:

        1)    The wording "BREEZE," a word mark identifying the product, appears at the top in large white all capital letters;

        2)    A second line of text appears underneath the wording "BREEZE" in a smaller, less emphasized font;

        3)    The flavor of the vape is printed underneath the word mark and second line of text; and

    d.    The nicotine warning is at the bottom of the front side of the cardboard label in a white box; and

  e. The flavor of the product and the number of puffs are displayed on both sides of the wraparound label.

(hereinafter, the "BREEZE PRO Packaging Trade Dress").

WHEREAS Breeze Smoke's BREEZE PRO product design trade dress comprises the overall look and feel of the product design and features the following distinctive, non-functional elements:

  a. a black body that resembles a rectangular cylinder having rounded corners, a flattened front and back sides, and a flat bottom;

  b. the top end of the body comprises the mouthpiece that is curved, has an opening for inhalation, narrows toward the opening, and has a concave region on the front side;

  c. the front and back of the device exhibit a rounded rectangular silhouette;

  d. the bottom end of the body has a flat rectangular shaped surface having rounded corners;

  e. a rectangular label featuring a wavy design colored to match the flavor of the vape device;

  f. the wording "BREEZE," a word mark identifying the product, printed in bold, white, all-capital typeface is vertically aligned on the label nearer to the mouthpiece than the bottom;

  g. an additional smaller white print element appears immediately above the word mark; and

  h. the vaping device flavor appears on the label near the bottom end of the vape device in a smaller, white, all-capital typeface vertically aligned on the label.

(hereinafter, the "BREEZE PRO Product Design Trade Dress"). Collectively, the BREEZE PRO Packaging Trade Dress and the BREEZE PRO Product Design Trade Dress shall be referred to herein as the "Breeze Smoke Trade Dress."

WHEREAS Defendant Speed Wholesale Inc. ("Speed Wholesale") and Defendant MKE Vape Wholesale LLC ("MKE") (collectively referred to herein as "Defendants") were properly served with the summons and complaint in this matter, and the Court has jurisdiction over Defendants.

WHEREAS Defendants have not answered or otherwise responded to the complaint, the time for answer or response has now passed, and the court has found Defendants in default in this action. (ECF Nos. 14, 17).

WHEREAS Defendants have admitted through their default of Breeze Smoke's well-pled complaint that the BREEZE Marks and the Breeze Smoke Trade Dress are valid and enforceable.

WHEREAS Defendants have admitted through their default that they were aware of and deliberately intended to copy the BREEZE Marks and the Breeze Smoke Trade Dress through their promotion, advertising, offer, distribution, and sale of the "FREEZE BAR" products (hereinafter, the "Infringing Products"), examples of which are shown below next to examples of Breeze Smoke's BREEZE products:

4



WHEREAS Defendants have admitted through their default that their Infringing Products infringe Breeze Smoke's BREEZE Marks and the Breeze Smoke Trade Dress.

WHEREAS Defendants have admitted through their default that their infringement of the BREEZE Marks and the Breeze Smoke Trade Dress was willful, that their infringement has caused and will continue to cause irreparable injury to Breeze Smoke, and that their infringement will continue unless enjoined by this Court.

WHEREAS, Breeze Smoke's Motion for Default Judgment and Permanent Injunction pursuant to Fed. R. Civ. P. 55 and 15 U.S.C. § 1116, Breeze Smoke's

complaint and exhibits, and all related papers and argument, have demonstrated that Breeze Smoke is entitled to injunctive relief.

WHEREAS, the court has granted Breeze Smoke's Motion for Default Judgment and for permanent injunction.

Therefore, **IT IS HEREBY ORDERED** that Breeze Smoke's Motion for Permanent Injunction (the "Permanent Injunction") against Defendants is **GRANTED** as follows:

1. Defendants and any of their members, agents, successors, assigns, subsidiaries, affiliates, officers, distributors, servants, employees, and/or others in active concert or participation with them are permanently enjoined from directly or indirectly:

    a. using the mark "BREEZE," "FREEZE," or "FREEZE BAR" in all forms and stylizations, including, but not limited to the stylizations depicted below:





or any other mark or name including or incorporating, or that is confusingly similar to the BREEZE Marks in connection with any electronic nicotine delivery systems ("ENDS") products, vaping and tobacco products, or any other related goods and services, without Breeze Smoke's express authorization;

b. using the following product packaging trade dress in all forms and variations:



or any other product packaging trade dress including or incorporating or that is confusingly similar to the BREEZE PRO Packaging Trade Dress in

7

connection with any electronic nicotine delivery systems ("ENDS") products, vaping and tobacco products, or any other related goods and services, without Breeze Smoke's express authorization;

    c.    using the following product design trade dress in all forms and variations:



or any other product design trade dress including or incorporating, or that is confusingly similar to the BREEZE PRO Product Design Trade Dress in connection with any electronic nicotine delivery systems ("ENDS") products, vaping and tobacco products, or any related goods and services,

8

without Breeze Smoke's express authorization;

  d. engaging in any further trademark infringement, trade dress infringement, unfair competition, false designation of origin, or any other activities that misappropriate or infringe Breeze Smoke's trademark or trade dress rights; and

  e. aiding, assisting, or abetting any other party in the acts prohibited by (a) through (d) above.

2. Defendants and any of their agents, successors, assigns, subsidiaries, affiliates, officers, distributors, servants, employees, and/or others in active concert or participation with them who receive actual notice of this order by personal service or otherwise shall, within thirty (30) days after entry of this Permanent Injunction:

  a. immediately cease importing, manufacturing, distributing, offering, selling, advertising, marketing, or promoting any of the Infringing Products or any other products or services that infringe Breeze Smoke's rights in its BREEZE Marks or the Breeze Smoke Trade Dress;

  b. remove from the marketplace all Internet, television, radio, print, or other advertisements depicting the Infringing Products or any other products using a mark, name, product design, or product packaging that is otherwise confusingly similar to the BREEZE Marks or the Breeze Smoke Trade Dress;

9

  c. deliver up for destruction all products, labels, signs, prints, packages, wrappers, receptacles, advertisements, or other materials in their possession, custody, or control displaying the Infringing Products or otherwise using a mark, name, product design, or product packaging that is confusingly similar to the BREEZE Marks or the Breeze Smoke Trade Dress;

  d. file a written report under oath with this Court, and serve upon Breeze Smoke's counsel, within thirty (30) days of entry of this Permanent Injunction, setting forth in complete detail the manner and form in which they have complied with this Permanent Injunction.

3. As this case is "exceptional" under 15 U.S.C. § 1117(a), Defendants must pay Breeze Smoke's reasonable attorneys' fees and costs. Pursuant to 15 U.S.C. § 1117(a), Defendants are liable to Plaintiff in the amount of $543,924.00 (comprising damages of $450,000.00 and attorneys' fees and costs of $93,924.00).

**IT IS SO ORDERED.**

Dated: August 8, 2025         <u>s/F. Kay Behm</u>
                  F. Kay Behm
                  United States District Judge