IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BREEZE SMOKE LLC, | |
| Plaintiff, | CASE NO. 2:25-cv-10184 |
| vs. | Hon. F. Kay Behm |
| SPEED WHOLESALE, INC. and MKE VAPE WHOLESALE LLC, | |
| Defendants. | |

# JUDGMENT

The above-entitled matter having come before the Court, the Honorable F. Kay Behm, United States District Judge, presiding, and in accordance with the Order Entering Permanent Injunction entered on August 8, 2024 (ECF No. 32) (the "Order"), **JUDGMENT IS HEREBY ENTERED** in favor of Plaintiff Breeze Smoke LLC and against Defendants Speed Wholesale, Inc. and MKE Vape Wholesale LLC ("Defendants") on all Counts (Counts I through VII) of the Complaint (ECF No. 1).

It is further **ORDERED AND ADJUDGED** as follows:

1. Defendants and any of their members, agents, successors, assigns, subsidiaries, affiliates, officers, distributors, servants, employees, and/or others in active concert or participation with them are permanently enjoined from directly or

1

indirectly:

      a.    using the mark "BREEZE," "FREEZE," or "FREEZE BAR" in all forms and stylizations, including, but not limited to the stylizations depicted below:





or any other mark or name including or incorporating, or that is confusingly similar to the BREEZE Marks, as defined in the Order, in connection with any electronic nicotine delivery systems ("ENDS") products, vaping and tobacco products, or any other related goods and services, without Breeze Smoke's express authorization;

      b.    using the following product packaging trade dress in all forms and variations:

2



or any other product packaging trade dress including or incorporating or that is confusingly similar to the BREEZE PRO Packaging Trade Dress, as defined in the Order, in connection with any electronic nicotine delivery systems ("ENDS") products, vaping and tobacco products, or any other related goods and services, without Breeze Smoke's express authorization;

  c. using the following product design trade dress in all forms and variations:



or any other product design trade dress including or incorporating, or that is confusingly similar to the BREEZE PRO Product Design Trade Dress, as defined in the Order, in connection with any electronic nicotine delivery systems ("ENDS") products, vaping and tobacco products, or any related goods and services, without Breeze Smoke's express authorization;

    d.    engaging in any further trademark infringement, trade dress infringement, unfair competition, false designation of origin, or any other activities that misappropriate or infringe Breeze Smoke's trademark or trade dress rights; and

e.   aiding, assisting, or abetting any other party in the acts prohibited by (a) through (d) above.

2.   Defendants must pay Breeze Smoke's reasonable attorney fees, which amount to $93,924.00. Defendants must also pay Breeze Smoke $450,000.00, in damages.

**SO ORDERED.**

Date: August 13, 2025

s/F. Kay Behm
F. Kay Behm
United States District Judge